# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>XSTREAM SYSTEMS, INC.[1]<br><br>                     Debtor.<br><br>XSTREAM SYSTEMS, INC.<br><br>                     Plaintiff,<br><br>    Against<br><br>KIMBALL INTERNATIONAL, INC. and KIMBALL ELECTRONICS, INC.<br><br>                     Defendants. | Chapter 11<br><br>Case No. 11-11086(CSS)<br><br><br><br>Adversary Proceeding No. 11-_____ |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEBTOR'S MOTION FOR SUMMARY JUDGMENT

      Plaintiff, XStream Systems, Inc., (the "Debtor") the above-captioned debtor and debtor in possession, by its undersigned attorneys, respectfully submits this memorandum of law in support of its motion for an Order granting it summary judgment on its claims against Kimball International, Inc. ("Kimball") and Kimball Electronics Inc. ("Kimball Electronics" and with Kimball, the "Kimball Entities"), pursuant to Sections 105 and 544(b) of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), seeking declaratory relief regarding the extent and validity of the Defendants' liens and avoiding unrecorded liens.

---

[1]     The last four digits of the Debtor's federal tax identification number are: 0466. The Debtor's mailing address for purpose of this case is 10305 102nd Terrace, Suite 101, Sebastian, FL 32958.

## I. PRELIMINARY STATEMENT

Pursuant to Florida, properly filed judgments act as liens against a defendant's tangible personal property located in the state of Florida. The Kimball Entities are improperly attempting to extend the reach of their Florida Judgment Lien Certificate so that it attaches to the Debtor's assets which are not tangible personal property located in the state of Florida. Such extension should be rejected by this Court.

## II. STATEMENT OF UNDISPUTED FACTS

On February 8, 2010, Kimball obtained a judgment against the Debtor in the amount of $3,200,000.00.[2]

On May 3, 2010, Kimball filed a Judgment Lien Certificate (the "Judgment Lien") with the Florida Secretary of State.[3]

Kimball has not filed any liens against the Debtor in the State of Delaware or otherwise taken any action pursuant to Article 9 of the Uniform Commercial Code to perfect an interest in any assets of the Debtor.

On April 8, 2011 (the "Petition Date"), the Debtor filed for relief under chapter 11 of the Bankruptcy Code.

The Debtor's assets consist of tangible personal property in the sate of Florida (the "Florida Assets") as well as intellectual property (the "IP") - including trademarks, trade secrets and knowhow, copyright rights, including proprietary computer algorithms and business

---

[2] Kimball Entities' Limited Objection to Motion for Order Authorizing Debtor to Obtain Post-Petition Financing and Grant Security Interest and Superpriority Administrative Expenses Status, Etc., dated April 22, 1011 ([Docket No. 34], the "Limited Objection"), ¶ 6.

[3] Limited Objection, ¶ 7.

processes and one or more exclusive licenses - and tangible personal property located outside the state of Florida (collectively, the "Non-Florida Assets").

On April 11, 2011, the Debtor moved this Court for approval of interim postpetition financing, the protection for which included granting the postpetition lender a lien on the Non-Florida Assets.[4] To thwart this effort, the Kimball Entities asserted that, by virtue of the Judgment Lien or an unrecorded lien, either or both of them may hold liens against the Non-Florida Assets.

In the Debtor's letter brief in support of the DIP Motion[5] it argued that Florida law does not grant the Kimball Entities a lien against the Non-Florida Assets. Rather than refute the Debtor's assertions, the Kimball Entities' response merely stated that the relief sought by the Debtor must be brought by adversary proceeding.[6]

### III. LEGAL ARGUMENT

#### A. Standard for Review and Procedural Matters

"Summary judgment should be granted only if a court concludes that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Munoz v. Sovereign Bank, 323 Fed. Appx. 184, 187 (3d Cir. 2009) (quoting Ideal Dairy Farms v. John Labatt, Ltd., 90 F.3d 737, 743 (3d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

---

[4] Motion for Order Authorizing Debtor to Obtain Post-Petition Financing and Grant Security Interest and Superpriority Administrative Expenses Status, Etc., ([Docket No. 5], the "DIP Motion").

[5] Letter to Hon. Sontchi, dated May 9, 2011 ([Docket No. 51], the "Letter Brief").

[6] Kimball International Inc.'s Response to Debtor's Letter to Court Dated May 9, 2011, dated May 10, 2011 [Docket No. 54], the "Kimball Response to Letter").

As conceded in the Kimball Response to Letter[7], Bankruptcy Rule 7001(2) permits for courts to determine the extent, validity and priority of liens on debtors' assets via adversary proceeding. "The following are adversary proceedings: ... (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property..." Fed. R. Bankr. P. 7001.

Pursuant to 28 U.S.C. § 157(b)(2), Core proceedings include, "... (K), "determinations of the validity, extent, or priority of liens;...". Accordingly, the relief sought in the Motion is a Core proceeding.

B.  **The Kimball Entities Do Not Hold Liens on the Non-Florida Assets**

Assuming *arguendo* that the Kimball Lien is properly perfected, Florida Statute Section 55.202 only grants the Kimball Entities a lien on certain personal property in Florida subject to execution under Florida Statute Section 56.061, which states in pertinent part:

\* \* \*

> (2)  A judgment lien may be acquired on a judgment debtor's interest in all personal property in this state subject to execution under § 56.061, other than fixtures, money, negotiable instruments, and mortgages.

\* \* \*

Fla. Stat. §55.202.

Thus, for the Kimball Entities' Lien to extend to the Non-Florida Assets, two factors must be met. First, the Non-Florida Assets must be a type of property to which judgment liens attach – i.e. personal property subject to execution under Florida Statute Section 56.061 -

---

[7]  Kimball Response to Letter, ¶ 2.

and second, the Non-Florida Assets must be in the state of Florida. The Kimball Entities meet neither of these factors.

### The Kimball Lien Does Not Attach to the IP

Under Florida's statutory scheme, judgment liens do not attach to all personal property. Rather they only attach to "lands and tenements, goods and chattels, equities of redemption in real and personal property, and stocks in corporations" Fla. Sta. § 56.061. It is plain that the IP does not fall within any of these listed types of personal property.

Certainly Kimball must concede that the IP is not "lands or tenements", "stock in corporations" or "equities of redemption in real and personal property" (which is the right to reclaim mortgaged property). Further, the IP is not "goods and chattel", as these terms refer to movable or transferrable property, usually for sale in the ordinary course of business. (See *Black's Law Dictionary*, 6th Ed., West 1990; merriam-webster.com; dictionary.law.com; duhamie.org).

The distinction in Florida law between what property is and is not subject to execution under Florida Statute Section 56.061 (and thus upon which a judgment lien could attach) is made clear by the Bankruptcy Court for the Southern District of Florida in Luzinski v. Gosman (In re Gossman), 326 BR 889 (S.D. Fla. 2005). There, a bankruptcy trustee seized computers and boxes of documents from a third party pursuant to a writ of execution and sought an in camera review of their contents to determine whether they contained any inherently valuable documents. The Court held some documents, such as stock certificates, can be inherently valuable and authorized the in camera review of the document boxes for such items. The Court also held that though the computer equipment was subject to seizure, the information contained on the computer was not. The trustee, therefore, could not have access to the computer files for any purpose. "[W]hile the Court finds the computer equipment … was

properly seized as an asset of [the obligor]…the information contained on [them] is not reviewable by the Trustee and is not subject to an in camera review for a determination as to inherent value." Id. at 892.

Similarly, in Willard v. Petruska, 402 F.2d 756 (5th Cir. 1968), the Fifth Circuit explained that execution liens pursuant to Florida Statute Section 56.061 only attach to tangible personal property.  In Willard, a judgment creditor attempted to assert a lien on all assets of a Florida bankruptcy estate.  In rejecting the judgment creditor's attempt, the Fifth Circuit held that the lien attached only to the proceeds of the sale of the Debtor's tangible personal property. "[An] execution lien…attaches only to the tangible property of the Bankrupt, and since the sale of said assets produced only $1,100.00, the right of the appellant to satisfy her lien is limited to that amount."   Id. at 756-57. See also Cohn v. Roy (In re Cohn); 2009 Bankr. Lexis 3530, *8 (Bankr. S.D. Fla. Oct. 30, 2009) ("a judgment lien does not attach to intangible property); Peninsula State Bank v. U.S., 211 So.2d 3, 6 (Fla. 1968) (liens of judgment creditors do not attach to accounts receivable).

Here, like the information on the computers in Grossman and the intangible property of the estate in Willard, the IP is an intangible asset not subject to execution.

The IP and the Tangible the Non-Florida Assets are Not Located in Florida

Even if Florida law extended execution liens to cover intellectual property (which it does not), the Kimball Lien does not reach the IP because it is not located in Florida.  Courts have concluded, both expressly and implicitly, that the location of intellectual property is the residence of its owner. See, e.g., Horne v. Adolph Coors Co., 684 F.2d 255, 259 (3d Cir.1982) ("[I]nsofar as the situs of the property damaged by the alleged wrongdoing is a concern, both a

state trade secret and a patent should be deemed to have their fictional situs at the residence of the owner.").

The residence of a corporation is its state of incorporation. See <u>Brunette Machine Works, Ltd. v. Kockum Industries, Inc.</u>, 406 U.S. 706, 707 (1972) (holding that where 28 U.S.C. § 1400(b) allows patent infringement suits to be brought in the district where the defendant resides, for corporate defendant, the statute is referring to the corporation's place of incorporation. (citing <u>Fourco Glass Co . v. Transmirra Prods. Corp.</u>, 353 U.S. 222 (1957)).

This analysis is consistent with the Uniform Commercial Code (the "<u>UCC</u>") in both Florida and Delaware. Both state's UCC statutes require perfection on intellectual property by the filing of a financing statement in the debtor's state of incorporation. (<u>See</u> Del. Art. 9-501; Fla. Sta. 679.3011 (referring to the debtor's state of incorporation's perfection laws)).

Here, the Debtor's state of incorporation, and thus its residence is Delaware. The IP, therefore, is located there for the purpose of this legal analysis. The Kimball Lien, which only covers certain personal property in the state of Florida, does not act as a lien upon the IP.

Further, it is axiomatic that the Kimball Lien does not extend to Debtor's tangible personal property located outside the state of Florida; as such assets are not located within Florida.

### C. The Court Should Avoid Any Unrecorded Liens on the Debtor's Assets

In both the Limited Objection and at the hearing on the DIP Motion, the Kimball Entities intimated that they may have interests in the Debtor's property other than the Kimball Liens.

In neither the Limited Objection nor the Kimball Response Letter, nor at argument on the DIP Motion, have the Kimball Entities provided any legal or factual argument

why it would have an interest in any of the Debtor's property other than the interest afforded it by the Kimball Liens. Thus, any interest the Kimball Entities assert (other than the Kimball Lien) against any of the Debtor's property would be in the nature of an unrecorded lien.

Bankruptcy Code Section 544(a) allows a debtor in possession to avoid an unrecorded lien in its property. See <u>Midlantic Nat'l Bank v. Bridge (In re Bridge)</u>, 18 F.3d 195, 197 (3d Cir. N.J. 1994) (the trustee's "strong arm" powers as a hypothetical bona fide purchaser, *see* 11 U.S.C. § 544(a)(3), entitle the trustee to avoid the equitable lien of the unrecorded mortgage"). The Debtor, therefore, may, and by the Motion does, seek an order avoiding any unrecorded lien that the Kimball Entities may hold on any of the Debtor's property.

WHEREFORE, the Debtor respectfully requests the Court enter judgment in its favor against the Kimball Entities as follows:

(a) Declaring the Judgment Lien is not a valid or enforceable lien on the Non-Florida Assets under applicable law;

(b) Declaring that any unrecorded lien that either Kimball or Kimball Electronics holds is not a valid or enforceable lien on the Non-Florida assets under applicable law;

(c) Avoiding any unrecorded lien that either Kimball or Kimball Electronics holds on the Non-Florida Assets; and

(d) Granting such other and further relief as this Court may deem just and proper.

[Signature Page Follows]

Date: June 21, 2011
Wilmington, Delaware

                BAYARD, P.A.

                */s/ Jamie L. Edmonson*
                Jamie L. Edmonson (No. 4247)
                Daniel A O'Brien (No. 4897)
                222 Delaware Avenue, Suite 900
                Wilmington, DE 19801
                Phone: (302) 655-5000
                Facsimile: (302) 658-6395

                -and-

                GERSTEN SAVAGE, LLP
                Paul Rachmuth
                600 Lexington Avenue
                New York, New York  10022
                Telephone: (212) 752-9700
                Facsimile: (212) 980-5192

                *Counsel for the Debtor and Debtor in Possession*