IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| XSTREAM SYSTEMS, INC. | ) | Case No. 11-11086 (CSS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| XSTREAM SYSTEMS, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 11-52347 (CSS) |
| | ) | |
| KIMBALL INTERNATIONAL INC. and | ) | |
| KIMBALL ELECTRONICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME**

Kimball International, Inc. and Kimball Electronics, Inc. ("Kimball"), pursuant to Fed. R. Bank. P. 9006, seek an extension of time to respond to the complaint (Dkt. No. 1) and motion for summary judgment (Dkt. No. 3). In support of this motion, Kimball states as follows:

1. On February 8, 2010 Kimball obtained a judgment against Debtor in the amount of Three Million Two Hundred Thousand Dollars ($3,200,000.00) in the United States District Court for the Southern District of Indiana in Cause No. 3:08-cv-00135-RLY-WGH (the "Judgment").

2. On May 3, 2010 Kimball filed a "Judgment Lien Certificate" with the Florida Secretary of State pursuant to Florida Statute §55.203, which is assigned file number J10000549326. Pursuant to Fla. Stat. §55.202, the Judgment Lien Certificate provided Kimball a lien on "all personal property in [Florida] subject to execution under

{11103:MOT:10147697.DOC}10135039.DOC

Fla. Stat. § 56.061, other than fixtures, money, negotiable instruments, and mortgages." In turn, Fla. Stat. § 56.061 provides, in pertinent part, that "lands and tenements, goods and chattels, equities of redemption in real and personal property, and stock in corporations, shall be subject to execution." As a result of the Judgment Lien Certificate, Kimball holds a secured claim on all goods and chattels that have at any time between May 3, 2010 and the Petition Date been located in Florida. Kimball is a secured creditor of Debtor.

3. On June 21, 2011, the Debtor commenced this adversary proceeding seeking a declaration that Kimball does not have a lien against what the Debtor has termed, the "Non-Florida Assets". The Debtor asserted that Kimball "intimated" that it holds such a lien. Compl. ¶¶ 14-15.

4. Also on June 21, 2011, the Debtor filed a motion for summary judgment.

5. On July 8, 2001, the Court entered an order approving bid procedures and setting a hearing to consider the sale of the Debtor's assets for August 10, 2011.

6. Kimball believes that there is no controversy and therefore, there is no basis for seeking declaratory relief. The parties have discussed dismissal of this action, but have not yet been able to reach agreement.

7. In order to avoid the expense of responding to the complaint and the pending motion for summary judgment, Kimball requests an extension of time to respond to both pleadings until after the August 10 sale hearing. If it becomes necessary to respond to the complaint and motion, Kimball requests that it be given until August 30 do so.

WHEREFORE, Kimball requests the entry of an order granting it an

{11103:MOT:10147697.DOC}10135039.DOC

extension of time to respond to the complaint and the pending motion for summary judgment.

July 21, 2011

|   | SMITH KATZENSTEIN & JENKINS LLP |
|---|---|
|   | /s/ *[signature]* <br> Kathleen M. Miller (I.D. No. 2898) <br> The Corporate Plaza <br> 800 Delaware Avenue, 10th Floor <br> P.O. Box 410 (Courier 19801) <br> Wilmington, De 19899 <br> Telephone: (302) 652-8400 <br> Facsimile: (302) 652-8405 <br> Email: kmiller@skjlaw.com <br><br> RUBIN & LEVIN, P.C. <br> James E. Rossow Jr. <br> Christopher M. Trapp <br> 500 Marott Center <br> 342 Massachusetts Avenue <br> Indianapolis, IN 46204 <br> Telephone: 317-860-2893 <br> Telecopy: 317-453-8619 <br> E-mail: jim@rubin-levin.net <br><br> *Attorneys for Kimball International, Inc. and Kimball Electronics, Inc.* |